### FOLWELL v. GROTE, et ux.

Circuit Court, Dade County, Civil Appeal.

August 22, 1957.

Ruff & Ready, Miami, for appellants.

Marlow & Sinnamon, Miami, for appellee.

JOHN J. KEHOE, Circuit Judge.

This is an appeal from the civil court of record wherein plaintiff-appellee sued defendant-appellants for $2,240 which he claimed defendants owed him as a real estate broker's commission.

Plaintiff alleged that the defendant Ludwig Grote employed him to procure a buyer for land owned by defendants, the essence of the contract being that defendants would pay the broker a com-

mission if he would produce a buyer at a price and upon terms acceptable to defendants.

Appellants have assigned some 27 assignments of error. To dispose of this appeal it will be necessary to consider only two of the assignments.

Where there is sufficient evidence to sustain the verdict and judgment of a trial court, an appeal court should not substitute its judgment for that of the jury, but where there is no evidence to support the jury's finding, or the evidence is wholly insufficient to support such finding and verdict, it is the duty of the appeal court to vacate and set aside the judgment.

At the conclusion of plaintiff's case defendants moved that the complaint against Stella Grote be dismissed. The motion, though timely made, was denied.

This was error. The evidence affirmatively showed that Stella Grote had no contractual relations or agreement with plaintiff. There was no basis for plaintiff's action against her.

At the conclusion of plaintiff's case defendants moved the court to instruct the jury to return a verdict for defendants, arguing that the evidence wholly failed to support plaintiff's claim. The motion was denied.

The evidence discloses that Ludwig Grote gave the plaintiff broker a listing to sell land; that plaintiff brought him a deposit receipt wherein plaintiff claimed he had a buyer ready, willing and able to buy the land at a price and on terms agreeable to the defendant Ludwig Grote.

The evidence further discloses that plaintiff broker did not secure from the alleged buyer a sum of money that was agreeable to or acceptable by Ludwig Grote; that Ludwig Grote signed the deposit receipt and had his wife Stella also sign it, and that the deposit receipt was left with defendants' attorney; that at the time plaintiff submitted the deposit receipt he had received from his alleged buyer a deposit in the sum of $432.50—but that Ludwig Grote at all times insisted upon a $2,240 cash deposit.

Plaintiff was given until March 16, 1955 to secure from his alleged buyer a cash deposit totaling $2,240. The evidence further discloses that the deposit receipt signed by defendants was not to be delivered but was to be held in escrow by defendants' attorney until March 16, 1955; that the amount of deposit required by defendants was not forthcoming; that thereupon defendants defaced, canceled and otherwise voided the deposit receipt, which they returned to plaintiff, advising him that his listing was canceled and

terminated—and that defendants thereafter entered into an agreement to sell the land to other persons at a price and upon terms acceptable to them.

At this stage plaintiff rested his case and defendants moved for a directed verdict. The trial court denied the motion.

This was error. The evidence affirmatively showed that defendants were as a matter of law entitled to a directed verdict and that the evidence was wholly insufficient to support any verdict by the jury other than a verdict in favor of defendants.

Reversed. The civil court of record is directed to vacate the judgment dated October 25, 1956, recorded in minute book 102, at page 389, and to enter judgment for defendants Ludwig and Stella Grote against plaintiff Ralph Folwell. It is further ordered that appellants have and recover from appellee all costs expended by them on this appeal, as well as all lawful costs expended by them during the trial of this cause.